**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| WANDA EDWARDS, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> MICHAEL J. ASTRUE ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 08-2199-CM |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff seeks review of defendant's denial of disability insurance benefits and supplemental security income payments. 42 U.S.C. §§ 405(g) and 1383(c)(3) *et seq*. The court referred the matter to Magistrate Judge Reid for a report and recommendation pursuant to Fed. R. Civ. P. 72(b). The case was further referred to Magistrate Judge Bostwick upon the death of Magistrate Judge Reid. Pending before the court is the Report and Recommendation of Magistrate Judge Bostwick (Doc. 18). Defendant filed objections to the Report and Recommendation (Doc. 19) and plaintiff responded (Doc. 20).

Ultimately, the magistrate judge found that the administrative record was substantially and fully developed and supports a finding that plaintiff is totally disabled and entitled to an immediate award of benefits. Further, the magistrate judge recommends this court deny the motion to remand because the record is complete, and believes additional fact-finding would serve no useful purpose.

Defendant objected to the following magistrate judge's findings: (1) that the ALJ rejected

Dr. Fortune's opinion (a non-treating physician), which ultimately eliminated the only contradictory opinion in the medical record of plaintiff's disability, (2) that the ALJ erroneously found that Dr. Koprivica (an examining physician) based his ultimate opinion that plaintiff is totally disabled only after Mr. Dreiling (a vocational expert) filed the vocational report, and (3) that the record was sufficiently developed as of the disability date of December 13, 2006 and there is no need to remand for further development of the record.

## Standard of Review

When reviewing a magistrate judge's report and recommendation, the district judge reviews *de novo* the findings that pertain only to the objections. 28 U.S.C. § 636(b)(1)(C). The district court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). Further, the district judge is given discretion whether to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

This court reviews the underlying decision of the Social Security Commissioner in order to determine whether the Commissioner's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It requires more than a scintilla, but less than a preponderance. *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004). After a thorough review of the record and for the reasons stated below, this court adopts the magistrate judge's report and recommendation.

**Analysis**

Defendant first objects to the magistrate judge's finding that the ALJ rejected Dr. Fortune's opinion. However, after reviewing the record as a whole, evidence shows that the ALJ believed claimant to be more limited than Dr. Fortune's opinion suggests, and used this information to reach the conclusion that claimant has been disabled since December 13, 2006. (R. 31–34.) This court does not believe it was erroneous for the magistrate judge to have found that the ALJ rejected Dr. Fortune's opinion.

Next, the magistrate judge found that the ALJ erred in making the finding that Dr. Koprivica based his opinion that plaintiff is totally and permanently disabled on Mr. Michael Dreiling's vocational report. Defendant objects to this finding and argues that Dr. Koprivica is not a vocational expert and it was the ALJ's province to review the report, not Dr. Koprivica's. However, this court believes this objection has little merit. Dr. Koprivica's 22-page report, dated October 17, 2003, includes a thorough review of plaintiff's medical history and a careful evaluation of plaintiff. In his opinion, Dr. Koprivica indicated that plaintiff should "follow severe restrictions based on the impairing conditions associated with the work injury claim date of October 25, 1999." (R. 1127.) After a lengthy listing of recommended restrictions, he noted that any application of the severity of the restrictions to potential jobs in the open labor market are vocational issues.

Mr. Michael Dreiling performed a vocational evaluation and issued his opinion. He concluded that plaintiff was unable to work "eight hours a day, 40 hours a week or 52 weeks a year, based upon her vocational profile" and further opined that she is permanently and totally disabled. (R. 208.)

A determination of disability is reserved for the ALJ. 20 C.F.R. § 416.927(e). However, this court is responsible for reviewing the record as a whole and whether evidence in the record supports the ALJ's decision. Dr. Koprivica's initial report was not inconsistent with his supplemental letter issued after the vocational report. It incorporated both his extensive examination and findings, as well as the vocational expert's restrictions. After a careful review of the administrative record, this court believes the ALJ erred in his finding that Dr. Koprivica based his disability finding on Mr. Dreiling's report alone.

Finally, defendant objects to the magistrate judge's finding that the evidence supports a disability finding on December 13, 2006, and that further remand would serve no useful purpose. Defendant argues that the case should be remanded for further fact-finding because the ALJ incorrectly applied the requirements in the Medical Vocational Guidelines to plaintiff's condition when finding the disability date of December 13, 2006.

Remanding a case for further development of the record is at the discretion of the district judge. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993) (remanding case for immediate award of benefits based on court's discretion). When determining whether to remand for an immediate award of benefits, the court considers the length of time the case has been pending and whether or not, "given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (internal citation omitted).

After reviewing the entire record *de novo*, this court agrees with the magistrate judge's recommendation to remand the case for an immediate award of benefits. The case has been pending for six years, and is currently on appeal after an initial remand; the record is fully

4

developed (including nearly ten years of medical history, as well as testimony of plaintiff, her husband, and a vocational expert); and any further delay would serve no useful purpose.

**IT IS THEREFORE ORDERED** that defendant's Objection to the Magistrate Judge's Report and Recommendation (Doc. 19) is overruled.

**IT IS FURTHER ORDERED** that defendant's Motion to Remand and for Entry of Final Judgment (Doc. 14) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the May 26, 2009 Report and Recommendation (Doc. 18) is hereby adopted by this court and that the Commissioner's decision is reversed. Judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. §405(g) remanding the case to the Commissioner to find plaintiff disabled beginning October 25, 2002, and to award benefits accordingly.

The Clerk of the Court is directed to enter Judgment accordingly.

Dated this 21st day of July, 2009 at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**